IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF LATITUDE/LONGITUDE CELL-SITE INFORMATION FOR THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (435) 401-5962 | Case No. 2:25-mj-00852<br><br>CMR _____<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Tanner Nelsen, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (435) 401-5962, with Winterhawk Myore as the listed subscriber(s) (the "Target Cell Phone"), whose service provider is AT&T, a wireless telephone service providers headquartered at 11760 US Highway 1, North Palm beach, FL 33408. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.  Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3.  I am a Deputy with the United States Marshals Service (DUSM) and have been since September 13, 2020. I am assigned to the Salt Lake City Office, in the District of Utah. I

have completed the eighteen (18) week Criminal Investigator Training Program and Basic DUSM Training course at the Federal Law Enforcement Training Center in Glynco, Georgia. These courses consisted of classes in federal law, evidence handling, interviewing techniques, firearms investigations, and tactical training in the execution of search and arrest warrants. Prior to my employment by the United States Marshals Service, I was a Law Enforcement Officer (LEO) in Utah for almost 6 years. I attended the Utah State Peace Officers Standards and Training Academy where I received a block of narcotics identification and basic investigation instruction from experts in the field. During the course of my employment, I have attended several training courses focusing on Forensic Interviewing Training, Reed Interrogation and Techniques, and Crisis Intervention. As a Police Officer assigned to the patrol division, I routinely came in contact with admitted narcotics users and distributors. During this time, I made several arrests of persons in violation of the Controlled Substance Act. Prior to working for South Salt Lake Police Department your Affiant was employed by the United States Army and took part in numerous operations in both Iraq and Afghanistan.

4. My responsibilities include the enforcement of federal laws, and I have participated in several fugitive investigations. This affidavit is based on my own investigation, oral and written reports by other law enforcement officers, physical surveillance, interviews, database and public records checks, searches, and other investigation. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this matter. My interpretations of certain statements or words are based upon my knowledge of this investigation and my training and experience, including my experience investigating drug and weapons related crimes. I learned the matters set out in this affidavit from my review of reports, records, affidavits, etc., through discussions with other law

enforcement officers/personnel, and from my own investigation which caused me to believe the information to be true. Dates and times are approximate.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that Winterhawk Myorehas violated 18 U.S.C § 3565 Violation of Supervised Release. On June 27, 2025, The United States District Court of Utah issued an arrest warrant for Winterhawk Myore. There is probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting Winterhawk Myore who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

7. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i); and is in a district in which AT&T is located or in which the items described in Attachment A are stored, *see* 18 U.S.C. § 2711(3)(A)(ii).

## PROBABLE CAUSE

8. On June 27, 2025, A warrant of arrest was issued by the United States District Court for the District of Utah, for Winterhawk Myore, case number 2:24-CR-00062-DS-1. regarding alleged violations of 18 U.S.C § 3565, Violations of Supervised Release. The U.S. Marshal's Service Violent Fugitive Apprehension Strike Team (VFAST) is attempting to locate and arrest fugitive Winterhawk Myore. On September 9, 2025, VFAST members attempted to

locate WinterHawk Myore at his listed address with United States Probation. VFAST members were unable to locate him at that time. Winterhawk Myore whereabouts are currently unknown and the information the United States Marshals Service is requesting would greatly help in locating and apprehending Winterhawk Myore.

9. I conducted an on-line open-source check on the above-listed number. The service provider for this number is AT&T, with Winterhawk Myore as the listed subscriber. I obtained this cellphone number from the United States Probation Office.

10. In my training and experience, I have learned that AT&T is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

11.     Based on my training and experience, I know that AT&T can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on Sprint's network or with such other reference points as may be reasonably available.

12.     Based on my training and experience, I know that AT&T can collect cell-site data about the Target Cell Phone.  Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication.  I also know that wireless providers such as AT&T typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

13.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

14.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed.  There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify

confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

15.  I further request that the Court direct AT&T to disclose to the government any information described in Attachment B that is within the possession, custody, or control of AT&T. I also request that the Court direct AT&T to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

16.  I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

17.  I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents

because their premature disclosure may seriously jeopardize that investigation.

                                                  Respectfully submitted,

/s/ Tanner Nelsen
TANNER NELSEN
Deputy US Marshal
United States Marshals Service

Subscribed and sworn to before me on September 15, 2025.

_____
HONONORABLE CECILIA M. ROMERO
United States Magistrate Judge

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number (435) 401-5962 with Winterhawk Myore as the listed subscriber(s) (the "Target Cell Phone"), whose wireless service provider is AT&T, a company headquartered at 11760 US Highway 1, North Palm Beach, FL 33408.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of AT&T including information about the location of the cellular telephone if it is subsequently assigned a different call number.

**ATTACHMENT B**

**Particular Things to be Seized**

**I.      Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T, AT&T is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

II.     **Information to Be Seized by the Government**

All information described above in Section I that will assist in arresting Winterhawk Myore who was charged with violating 18 U.S.C § 3565 Violation of Supervised Release and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).]

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.